JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -6 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL        2/6/79

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE OKLAHOMA INSURANCE HOLDING      )   Docket No. 365
COMPANY ACT LITIGATION                )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

I.  BACKGROUND

    This litigation consists of four actions pending in three
districts:  one in the Western District of Oklahoma; two in
the Eastern District of Louisiana; and one in the Northern
District of Illinois.  These actions all involve the alleged
ownership of shares of stock in United Founders Life Insurance
Company (United Founders), which is headquartered in Oklahoma.

    A.  The Oklahoma Action and the Louisiana Actions

    In a series of transactions in 1977, American Benefit Life
Insurance Company (American Benefit) and its sole shareholder,
Louis J. Roussel (Roussel), attempted to gain ownership of, and
secured possession of, slightly in excess of one million shares
of the common stock of United Founders.  The bank that serves
as transfer agent for this stock has to date refused to register
the sale of most of this stock.  See note 7, infra. Ownership
of this block of United Founders stock would allegedly give Roussel
and American Benefit control of United Founders.

---

*/  Judges Weinfeld, Robson and Caffrey did not participate
in the decision of this matter.

Oklahoma has a statute entitled the "Oklahoma Insurance Holding Company Act" (the Oklahoma Act) which requires that anyone seeking to obtain control of an Oklahoma insurance company must submit to a public hearing before the Oklahoma Insurance Commissioner, and receive the Commissioner's approval. 36 OKLA. STAT. tit. 36, §§1651 et seq. (1971). In June 1977, Roussel and American Benefit applied to the Commissioner for approval of their acquisition of the control block of United Founders stock. Roussel and American Benefit announced at the outset, however, that they considered the Oklahoma Act to be unconstitutional.

The Commissioner disqualified himself from conducting the hearing on the application of Roussel and American Benefit, and the Governor of Oklahoma appointed a hearing examiner to conduct the proceedings. The hearing examiner found in Roussel's favor. On appeal to the District Court of Oklahoma County (the state trial court of general jurisdiction), the decision by the hearing examiner was reversed and remanded. Roussel has appealed the District Court's decision to the Supreme Court of Oklahoma, where the matter is now pending. Roussel and American Benefit have not claimed in their state appeal that the Oklahoma Act is unconstitutional.

Roussel and American Benefit are the sole plaintiffs in the Oklahoma action and the two Louisiana actions before the Panel.

In the Oklahoma action, the nine members of United Founders' board of directors are named as defendants.[1]  Roussel and American Benefit allege that they are the owners of over one million shares of common stock of United Founders, and contend that the directors have wrongfully interfered with the rights of the plaintiffs to obtain transfer of those shares.[2] Plaintiffs seek damages as a result of the directors' allegedly tortious conduct.  Substantial discovery and other pretrial proceedings have already occurred in this action.

In both Louisiana actions, which have been assigned to the same judge, defendants are the Commissioner, the Oklahoma hearing examiner, the Attorney General of Oklahoma, United Founders, and its wholly owned subsidiary, United Founders Life Insurance Company of Illinois (United Founders-Illinois).  Additional defend- ants in the second Louisiana action include United Founders' directors, and an  Oklahoma limited partnership and one of its general partners that are involved in the purchase of United Founders' office building and certain real estate adjacent thereto in Oklahoma City, Oklahoma.  In each Louisiana action, Roussel and American Benefit challenge the constitutionality of the

---

1/  The Oklahoma court has granted United Founders' motion to join the defendants in this action as a counterclaimant against Roussel on grounds of libel.

2/  Plaintiffs initially challenged the constitutionality of the Oklahoma Act in this action, but this claim has now been dropped.

Oklahoma Act and seek declaratory and injunctive relief.[3/]  More specifically, plaintiffs allege that the provisions of the Oklahoma Act are preempted by the Securities Exchange Act of 1934, as amended by the Williams Act, 15 U.S.C. §§ 78m(d)-(e), 78n(d)-(f), specifically 15 U.S.C. §78m(d)[4/] as it applies to plaintiffs in these two actions, and that the restrictions of the Oklahoma Act on domestic insurance company acquisitions are unconstitutional.[5/]

---

[3/]  Roussel and American Benefit state in both Louisiana complaints that their challenge to the constitutionality of the Oklahoma Act is predicated directly upon the recent decision in Great Western United Corporation v. Kidwell, 577 F.2d 1256 (5th Cir. 1978), cert. granted, 47 U.S.L.W. 3449-50 (U.S. Jan. 8, 1979). In that decision, the Court of Appeals for the Fifth Circuit held unconstitutional, as violative of both the Supremacy and the Commerce Clauses of the United States Constitution, an Idaho state "takeover statute" functionally similar to the Oklahoma Act.

[4/]  This statute provides that any person who acquires greater than five percent control of, inter alia, the equity securities of an insurance company must, within ten days after that acquisition, publicly disclose certain specified information.  Roussel and American Benefit have complied with these disclosure provisions of the Williams Act.

[5/]  Defendants in the first of these  actions moved to dismiss that action on the grounds that the complaint failed to state a claim upon which relief may be granted, citing, inter alia, the McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. §§1011 et seq.  This act provides in pertinent part as follows:

> Congress declares that the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation and taxation of such business by the several States.

15 U.S.C. §1011.  The act further provides that:

> (a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulations or taxation of such business.

continued on next page

While the first of these two actions was commenced by
Roussel and American Benefit solely on their own behalf, the
second Louisiana action has been brought both as a stockholders'
derivative action and on behalf of a class of Louisiana resi-
dents who are minority shareholders of United Founders.   In
this action, plaintiffs seek damages from United Founders'
directors as a result of the directors' allegedly "gross corporate
mismanagement" including, _inter alia_, tortious conduct in
connection with the sale of the land near United Founders'
Oklahoma City office building, and the directors' interference
with plaintiffs' rights to obtain transfer of the control block
of United Founders stock.

The Louisiana district court has recently denied a motion
by certain defendants to transfer the first of these two Louisiana
actions to the  Western District of Oklahoma pursuant to 28 U.S.C.
§1404(a). All discovery and other pretrial proceedings in this
action  have either been completed or are very near completion,
and  this action has been set for trial in early 1979.   Only
minimal pretrial proceedings have occurred in the second Louisiana
action.

---

5/ continued

> (b)  No Act of Congress shall be construed to
> invalidate, impair, or supersede any law enacted by
> any State for the purpose of regulating the
> business of insurance, or which imposes a fee or
> tax upon such business, unless such Act specifically
> relates to the business of insurance . . . .

15 U.S.C. §1012.

The Louisiana court has denied this motion by defendants.

### B.   The Illinois Action

In August 1976, the Trustees of the Central States, Southeast and Southwest Areas Pension Fund brought this action against United Founders; one of its wholly-owned subsidiaries, The Reis Corporation (Reis); two directors of United Founders; and a former United Founders director.[6/]   The complaint in this action alleges that defendants violated the federal securities laws, committed common law fraud, and conspired to defraud plaintiffs in connection with the purchase and sale of three promissory notes dated July 1, 1973.   Plaintiffs seek damages and rescission as a result of these alleged activities.   Plaintiffs also seek, in separate counts of the complaint, 1) to recover for an alleged default on one of these notes (the "United Founders stock note"); and 2) an accounting and other relief concerning a second of these three notes.

Pursuant to a collateral pledge agreement originally executed by plaintiffs and Reis on June 29, 1970, and extended by way of the United Founders stock note, plaintiffs hold a security interest in 1,271,527 shares of United Founders stock. Like the United Founders stock allegedly acquired by American Benefit and Roussel, ownership of these 1,271,527 shares would allegedly give plaintiffs in the Illinois action control over United Founders.   United Founders' records still list Reis as the owner of these shares, however.

---

6/   This defendant has been dismissed from the Illinois action on jurisdictional grounds, and an appeal of this decision presently is sub judice before the Court of Appeals for the Seventh Circuit.

In early 1977, plaintiffs served a notice of default on Reis concerning the United Founders stock note.  Thereafter, plaintiffs attempted to perfect their security interest in the United Founders stock by holding a private sale of the stock pursuant to Section 9-504 of the Uniform Commercial Code. Defendants filed a motion in the Illinois action to enjoin this sale alleging, <u>inter alia</u>, that plaintiffs had failed to comply with the Oklahoma Act.  In opposing this motion, plaintiffs have challenged, <u>inter alia</u>, the constitutionality of that Act, relying on <u>Great Western</u>, <u>supra</u>, 577 F.2d 1256.  This motion for injunctive relief has not yet been resolved.

II.  <u>PROCEEDINGS BEFORE THE PANEL</u>

United Founders, its nine directors, and United Founders-Illinois move the Panel, pursuant to 28 U.S.C. §1407, to transfer the Louisiana actions and the Illinois action to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings with the action pending there.[7]  The Commissioner also favors transfer.  Roussel and American Benefit oppose centralization of the Louisiana actions and the Oklahoma action, but have taken no position concerning the Illinois action.  Plaintiffs in the Illinois action oppose inclusion of their action in Section 1407 proceedings.

---

7/  Two other actions which are not before the Panel but which involve parties in this litigation are pending in the Western District of Oklahoma.  In the first of these actions (the bank action), American Benefit, the sole plaintiff, alleges that the bank that serves as transfer agent for United Founders stock has, at United Founders' instigation, wrongfully refused to transfer to plaintiff the ownership of the United Founders stock allegedly acquired by American Benefit. American Benefit seeks an injunction requiring transfer of ownership to American Benefit, as well as damages.

continued on next page

III.  <u>DECISION OF THE PANEL</u>

We find that, although some of these actions may involve some common questions of fact, transfer under Section 1407 would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. Accordingly, we deny the motion to transfer.

While movants recognize that two different "control blocks" of United Founders stock are involved in this litigation, movants contend that the actions before the Panel all focus on attempts to take over and control United Founders. The critical issues in this litigation, movants assert, are  the constitutionality of the Oklahoma Act, and the effect of that Act on the control

_____
7/  continued

United Founders moved to consolidate the bank action and the Oklahoma action now before the Panel.  On July 27, 1978, however, the Honorable Fred Daugherty, Jr., before whom these two actions are pending, held:

> Defendants' bald assertion that these cases involve
> the same subject matter and contain common questions
> of law and fact is not sufficient to persuade the Court
> that the cases should be consolidated pursuant to Rule
> 42(a).  While the cases both involve [American Benefit
> and Roussel,] they involve different questions of law
> and fact.  Accordingly, Defendants' Motion to Consolidate
> is overruled.

The second Western District of Oklahoma action which is not before the Panel was commenced on November 30, 1978 by United Founders against Roussel and American Benefit.  In this action, United Founders seeks a declaratory judgment that the Oklahoma Act is constitutional.

Because of our disposition of the motion now before us, no further action by the Panel concerning these two additional Oklahoma actions will be taken at this time.

of United Founders. Underlying the question of the constitu-
tionality of the Oklahoma Act in these actions, movants argue,
are at least the following issues: 1) What is the "business of
insurance" for the purposes of the McCarran-Ferguson Act as that
Act relates to an attempt by a state to regulate extra-ter-
ritorially the transfer of equity securities in domestic insurers
which may or may not be owned by citizens of that state; 2) Whether
the claims in some of these actions that the Oklahoma Act has
been preempted by federal legislation call for the application
of the reasoning in Great Western, supra, 577 F.2d 1256; 3) Whether
Oklahoma's interest in the administration of the Oklahoma Act,
which by its terms affects the interstate sale of equity securities
and favors incumbent management, is sufficient to withstand consti-
tutional scrutiny of the Act under the Commerce Clause; and 4)
Whether the Oklahoma Act violates the Commerce, Contract, and/or
Privileges and Immunities Clauses. Each of these issues, movants
maintain, is at least partially factual in nature, and will
necessitate discovery concerning the regulation of the insurance
industry, and particularly, United Founders, in Oklahoma, as
well as United Founders' contacts with Oklahoma. In addition,
numerous "transactional facts" concerning the manner in which
Roussel and American Benefit acquired their United Founders stock

will be involved in the Oklahoma action and the Louisiana actions,
movants argue.  The only way to ensure efficient discovery and
even-handed consideration of all parties' interests is to
centralize these four actions in a single forum, movants conclude.

We do not find these arguments persuasive.  Initially,
we note that the constitutionality of the Oklahoma Act is in-
volved in only three of the four actions before us: the Louisiana
actions and the Illinois action. [8/]  Moreover, while the purportedly
common questions listed by movants, supra, as underlying the
constitutionality issue may involve some subsidiary factual
inquiries, we are convinced that each of these questions is,
at best, a mixed question of fact and of law, and that the legal
aspects of these questions clearly predominate.  We note, for
example, that counsel for movants himself conceded at the hearing
before us on this matter that "the evidence that touches upon...the
question[s] of whether the Oklahoma act violates [the Commerce,
Contract and/or Privileges and Immunities Clauses] sounds more
legal than factual to me."  Transcript at 9. Counsel for Roussel
and American Benefit anticipate little, if any, discovery on
the constitutionality issue.  Transcript at 21-22.  Finally,
we note that relatively minimal discovery has been conducted
or scheduled on the constitutionality issue in the first Louisiana
action, which is set for trial on that very issue in the near
future.  Thus, it is clear that questions concerning the
constitutionality of the Oklahoma Act, even if those questions
involve some limited common questions of fact, are an inadequate

---

8/  The constitutional challenge has been dropped from the
Oklahoma action.  See note 2, supra.

predicate for coordinated or consolidated pretrial proceedings.
See also In re American Home Products Corp. "Released Value"
Claims Litigation, 448 F. Supp. 276, 278 (J.P.M.L. 1978).

The record before us amply demonstrates that, apart from
the constitutionality of the Oklahoma Act, the Illinois action
shares no questions of fact with any other action in this litiga-
tion.   There are, then, only two remaining sets of actions in
this litigation which share any questions of fact: 1) some basic
"transactional" facts concerning plaintiffs' attempted acquisition
of a control block of United Founders stock are involved in the
Louisiana actions and the Oklahoma action; and 2) the Oklahoma
action and the purported class and derivative action in Louisiana
share some factual questions concerning allegedly wrongful inter-
ference by United Founders' directors with that attempted
acquisition.   Because, on the basis of the record before us,
these common factual questions are not complex, we rule that
the presence of these questions does not tip the scales in favor
of transfer under Section 1407.

We observe that suitable alternatives to Section 1407 trans-
fer are available in order to minimize the possibility of
duplicative discovery on whatever common factual questions are
presented in various groups of actions in this litigation. For
example, notices for a particular deposition could be filed in
the appropriate actions, thereby making the deposition applicable
in each action; the parties could seek to agree upon a stipulation
that any past and future discovery relevant to more than one
action may be used in all those actions; and any party could

seek orders from the district courts before whom these actions are pending directing the parties to coordinate their pretrial efforts. See In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

Additionally, consultation and cooperation among the three courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Allen Compound Bow Patent Litigation, 446 F. Supp. 248, 250-51 (J.P.M.L. 1978).[9]

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 pertaining to the actions listed on the following Schedule A be, and the same hereby is, DENIED.

---

[9] Since the two Louisiana actions are pending before the same judge, he can easily take appropriate action to prevent duplicative discovery and eliminate the possibility of conflicting pretrial rulings in those two actions. See, e.g., In re American Financial Corporation Securities Litigation, 434 F. Supp. 1232, 1233-35 (J.P.M.L. 1977). We also note that the three Oklahoma actions, two of which are not presently before us, see note 7, supra, are also assigned to a single judge.

DOCKET NO. 365
SCHEDULE A

| NORTHERN DISTRICT OF ILLINOIS | Civil Action No. |
|---|---|
| Frank E. Fitzsimmons, et al. v. United Founders Life Insurance Co. | 78C2950 |

| EASTERN DISTRICT OF LOUISIANA | |
|---|---|
| Louis J. Roussel, et al. v. David Boren, et al. | 78-2345 |
| Louis J. Roussel, et al. v. United Founders Life Insurance Co., et al. | 78-3217 |

| WESTERN DISTRICT OF OKLAHOMA | |
|---|---|
| American Benefit Life Insurance Co., et al. v. Bernard G. Ille, et al. | 78-047-E |